UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

*ELECTRONICALLY FILED*

| | |
|---|---|
| HEATHER FURR ) | |
| ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 4:22-CV-160 |
| ) | |
| FLOYD COUNTY SHERIFF ) | |
| ) | |
| **SERVE:**   **Frank Loop** ) | |
| Floyd County Sheriff ) | |
| 311 Hauss Square ) | |
| New Albany, IN  47150 ) | |
| ) | |
| DEFENDANT ) | |

## COMPLAINT

## PARTIES

1. Plaintiff Heather Furr is an individual and former employee of the Floyd County Sheriff's Department.

2. The Floyd County Sheriff is responsible for the operation of the Floyd County Jail, and employed Plaintiff to work in the jail.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, which provides for original district court jurisdiction over cases presenting questions of federal law under Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e *et. seq*. and the Americans with Disabilities Act, 42 U.S.C. § 12117. This District has venue pursuant to 42 U.S.C. Section 2000e-5(f).  The

jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and other relief for illegal employment discrimination.

4. Jurisdiction over any state law claims is conferred upon this Court by 28 U.S.C. § 1367, which provides supplemental jurisdiction over state law claims so related to federal law claims that one case or controversy exists for Article III purposes.

5. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, New Albany Division. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

6. Plaintiff exhausted her administrative remedies by timely filing a charge of discrimination against Defendant with the EEOC alleging discrimination on the basis of sex and disability.

7. Plaintiff received her Notice of Suit Rights and brings this original action within ninety (90) days of receipt.

## FACTUAL BACKGROUND

8. Heather Furr began working as a corrections officer for the Floyd County Sheriff in November 2010.

9. On May 4, 2021, Furr underwent reconstructive surgery to her right ankle.

10. Furr advised her employer that it a full recovery would take 12-18 months.

11. Following her initial recovery period, Furr was released to return to work with certain restrictions: light duty, no more than 40 hours per week, comfortable footwear, and use of a cane.

12. Furr returned to work as a corrections officer, and Defendant accommodated her restrictions.

13. Furr was seen by her surgeon again on February 16, 2022. As anticipated, her surgeon reaffirmed the existing work restrictions.

14. Furr saw her surgeon for her one year follow up on May 25, 2022. Her surgeon continued the existing work restrictions, but authorized Furr to begin weaning herself from her cane.

15. On July 13, 2022, Lt. Brett O'Loughlin called Furr into his office. He told Furr that she had been seen walking without a cane. Furr acknowledged that she was able to reduce her reliance on the cane to only longer walks.

16. Lt. O'Loughlin then said, "I was told that you do not have another doctor's appointment until January." Furr confirmed that her next follow up visit was scheduled in January.

17. Lt. O'Loughlin asked Furr, "Aren't you broken down? Don't you have bad knees?" Furr confirmed that she would eventually need a knee replacement. O'Loughlin asked Furr when she would be having the knee replacement. Furr responded that nothing had been scheduled, but perhaps within a couple of years.

18. Lt. O'Loughlin then advised Furr that she was being fired.

19. O'Loughlin's explanation for Furr's termination was that "Ofc. Furr has had reasonable accommodations provided for her for an extensive period of time . . ."

20. O'Loughlin did not engage in any discussions about modifying Furr's restrictions or making alternative accommodations.

21. The Floyd County Sheriff's Department regularly accommodates male employees with long-term injuries.

## COUNT I
### *Disability Discrimination*

22. Defendant is an "employer" as defined by 42 U.S.C. § 12111(5)(A).

23. Plaintiff is an "employee" as defined by 42 U.S.C. § 12111(4).

24. Plaintiff is a qualified individual who has, or is regarded as having, a disability within the meaning of the Americans with Disabilities Act 42 U.S.C. 12101 et seq., the Rehabilitation Act of 1973 (29 U.S.C. §§ 701-718), and equivalent provisions of the Indiana Code.

25. Plaintiff was otherwise qualified to continue her employment.

26. Defendant failed to provide reasonable accommodations to Plaintiff, as required by state and federal laws.

27. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by state and federal laws.

28. As a direct and proximate result of the aforementioned conduct, the Plaintiff has suffered embarrassment, humiliation, mental anguish, and loss of wages and benefits.

## COUNT I
### *Sex Discrimination*

29. Heather Furr is a member of a protected class.

30. Defendant, by and through its agents and employees, discriminated against Furr in the terms, conditions, and privileges of employment, in substantial part because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.* and the Indiana Civil Rights Law, IC 22-9-1 *et seq*.

31. Furr suffered adverse employment actions as a result of this discrimination, including but not limited to, termination.

32. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by state and federal laws.

33. As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered embarrassment, humiliation, mental anguish, and loss of wages and benefits.

**WHEREFORE**, the Plaintiff respectfully prays as follows:

A. Judgment against Defendant for compensatory and punitive damages, in a fair and reasonable amount to be determined by the evidence; Equitable relief, including reinstatement with back pay, front pay, and benefits;

B. Trial by jury of all issues triable;

C. For her costs incurred herein;

D. Attorney fees to the extent permitted by law; and,

E. For any and all other relief allowed under the law.

Respectfully submitted,

/s/ *Laura E. Landenwich*
Laura E. Landenwich, #27709-22
Candace Curtis
ADAMS LANDENWICH WALTON, PLLC
517 West Ormsby Avenue
Louisville, KY  40203
(502) 561-0085
laura@justiceky.com